JOSEPH PECHAVAR v. OLIVER IRON MINING COMPANY.[1]

October 30, 1936.

No. 31,055.

[1]Reported in 269 N. W. 417.

*Dennis F. Donovan,* for relator.
*Austin & Wangensteen,* for respondent.

PER CURIAM.

*Certiorari* to review orders of the industrial commission denying relator's petition for rehearing and awarding compensation to Joseph Pechavar for an accidental injury.

The case has been here before. Pechavar v. Oliver I. Min. Co. 196 Minn. 558, 560, 265 N. W. 429, 431, 266 N. W. 854. Reference to that decision is adequate for all purposes now, except as to one matter which will be referred to later. We there reversed the findings and order of the industrial commission, but the case went back "without prejudice * * * to any application or order for a rehearing that may be made to or by the industrial commission." Later, the employer petitioned this court for rehearing. Rehearing was denied for reasons set forth in the opinion appearing in Pechavar v. Oliver I. Min. Co. 196 Minn. 558, 561, 265 N. W. 429, 266 N. W. 854, 855. This significant language was there used:

"New evidence may be available. Whether it is or not, if the case is reconsidered by the commission, they will make their own decision of the issues, independently of anything we have said, with full opportunity to point out the reasons for their conclusion, whether it agrees or disagrees with our opinion."

Thereafter relator petitioned the commission for rehearing, and as a basis for the relief sought brought into the case certain facts which were set forth in an affidavit by Dr. John E. Power. Respondent employe answered opposing the petition. The order of May 26, 1936 (the order now for review), as far as here material reads:

"Said matter has been considered and determined on the petition for rehearing filed by said employer herein on May 16, 1936, the

answer of the employe, filed May 20, 1936, the affidavit of Dr. John E. Power, filed herein on May 23, 1936, and upon all the records, files and proceedings herein. The commission having duly considered said petition, answer, and affidavit, all the records, files and proceedings in the above entitled matter, and having heard the oral arguments of counsel, the commission being fully advised in the premises,

"It Is Ordered, That the petition of Oliver Iron Mining Company, filed herein on May 16, 1936, be, and the same hereby is in all things denied."

On the next day, May 27, the commission ordered compensation in conformity with the decision of this court theretofore rendered.

Relator urges that the commission's order refusing to grant its petition for rehearing is arbitrary and "may be attributed to the assumption that its functions as a trier of the facts have been usurped." It also urges that it has been made "the victim of a rather human attitude on the part of the commission to refuse to hear any further evidence in the present case for the reason that the case had been thoroughly tried and reviewed by it, and that subsequent to said review it had denied respondent's petition for a vacation of its order denying compensation and refusing to grant a rehearing."

Relator's brief is devoted largely, in fact almost entirely, to a reargument of the original cause. We cannot, nor should we, now review the result reached upon the former appeal. There must be an end to litigation somewhere. The only thing left open for further consideration by the commission was adequately pointed out in the opinions to which we have referred. We do not reverse the industrial commission unless we find the record requires such result. This is particularly true where, as here, the question was one of whether the findings first made were reasonably supported by competent evidence. We held with the employe there, and we are not persuaded that in so doing there was error.

The question for determination now is whether the industrial commission abused its discretion in denying relator's petition for rehearing. This requires careful consideration of the statements of

fact set forth in the supporting affidavit of Dr. Power. In substance and effect he there avers that the right eye "was injured in 1930 and there is no vision in that eye at the present time. * * * Examination of his right eye shows an old choroiditis present, and in my opinion I do not think this was ever caused by any piece of dirt which he claims flew in his eye in 1930." He further states "that there are *many causes of choroiditis,* and one of such causes is dental or infection arising out of diseased teeth and gums. Affiant knows that at the time of said examination [October 14, 1935] the employe had pyorrhea. *This sort of an infection could cause choroiditis."* (Italics supplied.)

The examination by Dr. Power took place October 14, 1935, more than five years after the injury to the right eye, the one for which compensation was granted by virtue of our former decision. The doctor's purpose in examining the employe in 1935 related to a subsequent injury which had affected, or at least there was claim to that effect, his left eye.

The rule governing us in matters of this kind has been stated so often and with such uniformity that it is not necessary to cite our many prior cases so holding. The rule is well stated in Cooper v. Mitchell, 188 Minn. 560, 247 N. W. 805, 806 (fourth syllabus paragraph), thus:

"The granting of a rehearing on the ground of newly discovered evidence rests in the discretion of the industrial commission. Unless there was a clear abuse of such discretion the order of the commission cannot be disturbed."

At most, the supporting affidavit of Dr. Power is cumulative only. It does not upon its face present anything new. Clearly the matter was for the industrial commission to determine in the first instance. We are of opinion and so hold that there was no abuse on the part of the commission in denying relator's petition.

Writ discharged and orders affirmed. Respondent is allowed $50 attorney's fees in addition to statutory costs and disbursements.

So ordered.

Mr. Justice Loring took no part in the consideration or decision of this case.